1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                   AT SEATTLE

8    KENNETH D.,

9                        Plaintiff,                Case No. C22-0008-SKV

10        v.                                       ORDER REVERSING THE
                                                   COMMISSIONER'S DECISION
11   COMMISSIONER OF SOCIAL SECURITY,

12                        Defendant.

13

14        Plaintiff seeks review of the denial of her[1] applications for Supplemental Security Income

15   and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative

16   record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final

     decision and **REMANDS** this case for further administrative proceedings.
17

18                                  **BACKGROUND**

19        Plaintiff was born in 1974, has a high school diploma and training as a florist, and has

20   worked as a delivery driver and fast-food restaurant manager.  AR 90-91, 319.  Plaintiff was last

21   gainfully employed in 2013.  AR 319.

22
     _____
23   [1] It appears from the administrative hearing transcript that Plaintiff prefers she/her pronouns (AR 84-113),
     although the ALJ's decision and the Commissioner's brief uses he/him pronouns, as do most of the
     records.  *See, e.g.*, AR 15-31, 88, 2737, 2745.  Plaintiff's briefing employs pronouns inconsistently.  *See*
     Dkt. 10, 17.

     ORDER REVERSING THE COMMISSIONER'S
     DECISION - 1

In April 2019, Plaintiff applied for benefits, with an amended alleged onset date of August 15, 2017.  AR 87, 265-77.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 202-08, 212-20.  After the ALJ conducted a hearing in December 2020 (AR 84-113), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: carpal tunnel syndrome with a history of release surgery, obstructive sleep apnea, diabetic peripheral neuropathy.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work with additional limitations: she can lift/carry up to 20 pounds occasionally and 10 pounds frequently. She can stand/walk up to four hours in an eight-hour workday.  She can sit up to six hours in an eight-hour workday.  She cannot climb ladders, ropes, and scaffolds.  She can occasionally climb stairs, and frequently balance, stoop, kneel, crouch, and crawl.  She can frequently handle and finger bilaterally.  She must avoid concentrated exposure to excessive vibration, hazards, extreme cold, and pulmonary irritants.  She is capable of simple work-related instructions, tasks, and decisions, with only occasional workplace changes.  She can have only incidental interaction with the general public and only occasional interaction with co-workers.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

1 Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

2 Commissioner to this Court.  Dkt. 4.

3 **LEGAL STANDARDS**

4 Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

5 security benefits when the ALJ's findings are based on harmful legal error or not supported by

6 substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

7 2005).  As a general principle, an ALJ's error may be deemed harmless where it is

8 "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

9 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

10 determine whether the error alters the outcome of the case." *Id*.

11 Substantial evidence is "more than a mere scintilla.  It means - and means only - such

12 relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

13 *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

14 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

15 conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

16 *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

17 as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

18 Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

19 susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

20 must be upheld.  *Id.*

21 **DISCUSSION**

22 Plaintiff argues the ALJ erred in (1) finding at step two that fibromyalgia was not a

23 medically determinable impairment, (2) assessing certain medical opinions, and (3) finding at

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

step five that she could perform jobs requiring Level Two and Level Three reasoning. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Erred at Step Two

At step two, a claimant must make a threshold showing her medically determinable impairments significantly limit her ability to perform basic work activities, and are therefore severe. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). However, before considering severity, there must be a determination that a medically determinable impairment exists. § 404.1521. Neither a statement of symptoms, a diagnosis, nor a medical opinion suffices to establish the existence of a medically determinable impairment. § 404.1521. The Commissioner has provided guidance on the criteria necessary to establish the existence of fibromyalgia as a medically determinable impairment. *See* Social Security Ruling (SSR) 12-2p, 2012 WL 3104869 (Jul. 25, 2012).

The ALJ found that although the record contained references to fibromyalgia, the record did not contain the findings necessary to confirm that condition as a medically determinable impairment. AR 18. Specifically, the ALJ noted that the record did not contain any tender-point testing. *Id*. But, as noted by Plaintiff (Dkt. 10 at 8), SSR 12-2p enumerates one set of diagnostic criteria for fibromyalgia that does not require tender-point testing. *See* 2012 WL 3104869, at *3 (discussing the 2010 American College of Rheumatology Diagnostic Criteria). The ALJ's error in overlooking this set of criteria requires remand to permit the ALJ, in the first instance[4], to

---

[4] Although the Commissioner urges the Court to find the ALJ's error harmless because Plaintiff has failed to establish that she satisfies the 2010 criteria (Dkt. 16 at 4-5), the ALJ is tasked with making factual findings regarding the evidence in the record for the Court to review. *See, e.g.*, *Ruiz v. Saul*, 834 F. App'x 306, 307 (9th Cir. Jan. 26, 2021) ("An ALJ's silent disregard of evidence provides the court 'nothing to review to determine whether the error materially impacted the ALJ's ultimate decision[.]" (quoting *Stout v. Comm'r of Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006))).

consider whether the record would support a fibromyalgia diagnosis, even in the absence of tender-point testing.  *See, e.g.*, *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1004-05 & n.10 (9th Cir. 2015) (remanding in part to allow the ALJ to consider whether plaintiff satisfies the 2010 diagnostic criteria, when step-two findings mention only the lack of sufficient tender-point testing).

Because this case must be remanded for the ALJ's reconsideration at step two, and the remainder of the ALJ's decision may be reconsidered in light of new findings at step two, the Court need not address Plaintiff's other assignments of error.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reconsider whether fibromyalgia is a medically determinable impairment, and any other parts of the decision as necessary.

Dated this 15th day of August, 2022.


S. KATE VAUGHAN
United States Magistrate Judge